UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GREGORY MYERS,<br><br>Defendant. | NO. 2:15-CR-00040-JLQ<br><br>MEMORANDUM OPINION AND<br>ORDER RE: MOTION TO VACATE |

BEFORE THE COURT is Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 55) ("Motion"). Defendant seeks to vacate his conviction, asserting: the conviction violates double jeopardy, he received ineffective assistance of counsel, and an alleged change in the United States Sentencing Guidelines lowers his Guideline Range. (ECF No. 55 at 8, 10, 12). On April 19, 2017, Defendant filed a Supplement consisting of one page alleging other instances of ineffective assistance of counsel. The court has considered this Motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. This Order memorializes the court's ruling on the Motion.

## I. Procedural History

On April 21, 2015, an Indictment was returned charging the Defendant, Thomas Gregory Myers, with: (1) Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); (2) Receipt of Child Pornography in violation of 18 U.S.C. §

ORDER - 1

2252A(a)(2); and (3) Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). (ECF No. 1).

On July 31, 2015, Defendant pled guilty, pursuant to a Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement, to Count 3 of the Indictment charging him with Distribution of Child Pornography. (ECF No. 34); (ECF No. 36).

On October 2, 2015, the court accepted the Plea Agreement and sentenced Defendant to five years incarceration pursuant to the terms of the Plea Agreement. *See* (ECF No. 48). The remaining two counts were dismissed. *See* (ECF No. 48). On October 2, 2015, Judgment was entered. (ECF No. 48). No appeal was taken therefrom.

On March 29, 2017, Defendant filed the instant Motion. The court notes the Motion was not prepared on the form required by Local Civil Rule 9.1. Notwithstanding this noncompliance, the court has considered the Motion and Supplement filed on April 19, 2017.

## II. Discussion

A prisoner serving a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The permissible grounds for a motion brought pursuant to 28 U.S.C. § 2255 are "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under 28 U.S.C. § 2255 should only be granted where the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" and presents "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. U.S.*, 417 U.S. 333, 346 (1974) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

A motion under 28 U.S.C. § 2255 may be denied as procedurally defaulted if the claims presented in the motion were not raised on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). However, a defendant may overcome procedural default by showing "cause and prejudice." (*Id.*); *see U.S. v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (including "actual innocence" as an exception to the exhaustion requirement). Cause "must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). For example, cause is shown by "interference by officials" or "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotation marks and citation omitted).

To establish prejudice, a petitioner bears the burden of proving the alleged errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also*, *U.S. v. Dean*, 169 F. Supp. 3d 1097, 1101 (D. Or. 2016) ("To warrant relief, a petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."). Showing an alleged error "created a *possibility* of prejudice" is insufficient. *Frady*, 456 U.S. at 170. This standard is "significantly greater than that necessary under 'the more vague inquiry suggested by the words clear error.'" *Murray v. Carrier*, 477 U.S. 478, 493-94 (1986).

**A.     Timeliness**

A motion to vacate must be filed within one year of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

ORDER - 3

> (4) the date on which the facts supporting the claims or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judgment was entered on October 2, 2015, and became final on October 16, 2015. *See* Fed.R.App.P. 4(b)(1)(A)(i). The Motion was filed nearly a year and a half thereafter. Defendant does not cite to any newly created right as a basis for relief, nor is there evidence of impediment or previously undiscovered facts preventing earlier filing of the Motion. While Defendant claims he "recently found out what rights were violated," he does not present any argument or evidence which would make his Motion timely. Accordingly, the Motion is Denied as being time-barred. However, even if the Motion was timely the Motion fails on the merits as demonstrated below.

**B.    Double Jeopardy**

Defendant argues his conviction and sentence constitutes double jeopardy because he was **charged** with Possession of Child Pornography which is a lesser-included charge of Receipt of Child Pornography and he was also **charged** with Distribution of Child Pornography and Receipt of Child Pornography is a lesser-included charge of Distribution. (ECF No. 55 at 8). Defendant also states he would not have agreed to the Plea Agreement but for the two other charges. (ECF No. 55 at 8).

The Ninth Circuit holds "the offense of possessing child pornography is a lesser included offense of the receipt of child pornography." *U.S. v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). Defendant did not cite, and the court is not aware, of any case holding receipt is a lesser-included offense of distribution. However, such analysis is unnecessary because jeopardy does not attach until a defendant is tried for duplicitous offenses. *See Serfass v. U.S.*, 420 U.S. 377, 388 (1975). Double jeopardy would be applicable had Defendant been **convicted** of multiple counts charged in the Indictment. *See Davenport*, 519 F.3d at 947 (finding "the district court erred when it imposed a second and

constitutionally impermissible **conviction** on Davenport for the same conduct" of possession and receipt of child pornography) (emphasis added).

Here, Defendant was only convicted of Distribution of Child Pornography. Defendant is not being punished multiple times for the same conduct because the charges of Possession and Receipt were dismissed. The fact he was charged with all three offenses does not implicate double jeopardy concerns. For these reasons, Defendant fails to raise a double jeopardy claim.

C.      **Ineffective Assistance of Counsel**

Defendant also claims his attorney offered ineffective assistance. (ECF No. 55 at 10). Defendant asserts after his initial appearance, he "attempted to contact his attorney for 3 weeks and could not reach him" regarding Defendant returning to employment while on pretrial release. (ECF No. 55 at 10). Defendant also states counsel "failed to protect Mr. Myers [sic] rights." (ECF No. 55 at 10). In the Supplement, Defendant claims counsel gave him "misleading information" regarding what the Government had to prove to establish Distribution of Child Pornography and ignored evidence that Defendant "tried to prevent Distribution by several means whic [sic] makes me innocent of the charge." (ECF No. 56 at 1). He also asserts his attorney "allowed the prosecution to charge me using double jeopardy." (ECF No. 56 at 1).

"An ineffective assistance claim has two components: a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). Counsel's performance is deficient when it "fell below an objective standard of reasonableness." *Strickland v. Washington*, 366 U.S. 668, 688 (1984). Prejudice is established by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sexton v. Cozner*, 679 F.3d 1150, 1160 (9th Cir. 2012) (quoting *Strickland*, 366

ORDER - 5

U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 366 U.S. at 694.

Insofar as Defendant is referring to his double jeopardy claim as a basis of ineffective assistance of counsel, there is no double jeopardy claim for the reasons stated above. Additionally, the fact Defendant allegedly had trouble contacting his attorney regarding employment issues does not show counsel's conduct was deficient or prejudiced Defendant's case.

Assuming counsel told Defendant it would be sufficient evidence if the investigator downloaded even one file, such statement would not be misleading. Defendant admitted to downloading and possessing child pornography, and using a peer to peer program for the child pornography. (ECF No. 34 at 4-5). The Ninth Circuit holds "the evidence is sufficient to support a conviction for distribution under 18 U.S.C. § 2252(a)(2) when it shows that the defendant maintained child pornography in a shared folder, knew that doing so would allow others to download it, and another person actually downloaded it." *U.S. v. Budziak*, 697 F.3d 1105, 1109 (9th Cir. 2012). Under the facts of this case, the alleged statement of counsel did not misstate the law of this Circuit.

Similarly, Defendant's alleged evidence that he "attempted" to prevent distribution of the child pornography in his possession does not make him innocent of Distribution of Child Pornography. The fact he placed the images onto a file-sharing program and those images were in fact downloaded by another person constitutes Distribution of Child Pornography and negates any attempt Defendant made to prevent distribution of child pornography. *See Budziak*, 697 F.3d at 1109.

The court finds no evidence that counsel's representation was deficient. Even if the alleged conduct of counsel was deficient, Defendant provides no link between the alleged conduct and prejudice to the outcome of Defendant's case. Accordingly, Defendant's ineffective assistance of counsel claim fails.

**D.     United States Sentencing Guidelines**

Defendant lastly states "I recently found out the points for the use of a computer was changed from 5points [sic] to 2 points" and "would like to know if this effects him." (ECF No. 55 at 12). Defendant is mistaken. At sentencing, the court calculated Defendant's Guideline Range and applied a **two**-level enhancement to his Offense Level because the offense "involved the use of a computer or an interactive computer service." U.S.S.G. § 2G2.2(b)(6). At no time was Defendant subjected to a five level enhancement for the use of computer in the offense. Additionally, Defendant was sentenced pursuant to the court's acceptance of the Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement. His sentence was based on the Plea Agreement, not on the United States Sentencing Guidelines. For these reasons, Defendant presents no viable claim based on the application of U.S.S.G. § 2G2.2(b)(6).

### III.     Conclusion

Defendant's Motion, filed nearly a year and a half after the Judgment became final, is untimely and requires the denial of his Motion. Additionally, all claims presented therein were procedurally defaulted because no direct appeal was taken and Defendant failed to show cause and prejudice. Lastly, each of his claims fail on the merits. For all of these reasons, the Motion is Denied.

**IT IS HEREBY ORDERED**:

The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 55) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel and Mr. Myers.

Dated April 20, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7