FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GREGORY MYERS,<br><br>Defendant. | NO. 2:15-CR-0040-JLQ-1<br><br>ORDER RE: MOTION TO QUASH |

BEFORE THE COURT is Defendant's *pro se* Motion to Quash (ECF No. 58) ("Motion"). Defendant seeks to quash his Plea Agreement because he asserts the Plea Agreement "is invalid due to being expired." (ECF No. 58 at 1).

Defendant asserts the deadline for signing the Plea Agreement "had already passed [by the time of the change of plea hearing] and the document was in fact void." (ECF No. 58 at 1). Defendant also states "[i]f the documents [sic] date was altered then that would also void the document due to numerous things other then [sic] the date could have been changed or altered." (ECF No. 58 at 1). Additionally, Defendant claims he did not receive a copy of the Plea Agreement prior to the change of plea hearing. (ECF No. 58 at 1).

Because it seeks to attack the plea of guilty, the court construes the Motion as being brought under 28 U.S.C. § 2255. *See* Fed.R.Crim.P. 11(e). Defendant has previously filed a motion under 28 U.S.C. § 2255 (ECF No. 55) and did not seek certification from the Ninth Circuit Court of Appeals to bring a successive petition prior to filing the instant Motion. *See* 28 U.S.C. § 2255(h). However, in the interest of judicial economy

ORDER - 1

and the determination of lack of merit of the Motion, the court need not address the certification issue.

On July 31, 2015, Defendant pled guilty, pursuant to a Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement, to Count 3 of the Indictment charging him with Distribution of Child Pornography. (ECF No. 34); (ECF No. 36). The Plea Agreement contained an acceptance of responsibility provision by the Government reducing the Offense Level which applied if Defendant "signs and provides this agreement for filing with the court no later than July 31, 2015." (ECF No. 34 at ¶7(c)). Defendant and his attorney signed the Plea Agreement on July 31, 2015, and it was filed the same day. *See* (ECF No. 34 at 1, 13). There is no evidence in the Plea Agreement to suggest the document was altered or contained an expired deadline. Contrary to Defendant's assertion, there was no deadline for him to sign the Plea Agreement. Additionally, the Defendant informed the court during the plea colloquy he had had sufficient time to review the Plea Agreement. The court found the plea of guilty was knowing and voluntary.

The Motion lacks merit and is Denied.

**IT IS HEREBY ORDERED**:

The Motion to Quash (ECF No. 58) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel and Mr. Myers.

Dated January 23, 2018.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2