UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GREGORY MYERS,<br><br>Defendant. | NO. 2:15-CR-00040-JLQ-1<br><br>ORDER RE: MOTION FOR DISCOVERY AND MOTION TO RECONSIDER |

BEFORE THE COURT is Defendant's *pro se* Motion for Discovery and Motion to Reconsider (ECF No. 60) ("Motion"). Defendant seeks "an order for discovery of evidence in this case" and for the court to reconsider the denial of Defendant's motion to vacate. (ECF No. 60 at 1).

The Motion seeks disclosure of information about all child pornography found on Defendant's computer. (ECF No. 60 at 1). Defendant asserts this evidence will show there was no child pornography on any shared folders on his computer, thereby by making it impossible for him to have distributed child pornography. (ECF No. 60 1-2). Additionally, Defendant argues this evidence will show ineffective assistance of counsel in failing to properly investigate this matter before advising Defendant to plead guilty. (ECF No. 60 at 3-4).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, district courts have the power to allow discovery in a § 2255 proceeding. Rule 6 of the Rules Governing Section 2255 proceedings provides: "[a] judge may, for good cause, authorize a

ORDER - 1

party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in a accordance with the practices and principals of law." The Ninth Circuit has stated, in the context of habeas litigation, trial courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Defendant has failed to show good cause for discovery. He continues to collaterally attack his conviction on the same grounds despite this court's denial of his prior two motions. *See* (ECF No. 57); (ECF No. 59). Alleged evidence showing the images were not in shared folders is not new. Additionally, even if the Plea Agreement entered into pursuant to Fed.R.Crim.P. 11(c)(1)(C) were voided, Defendant would then be facing all original charges, including receipt and possession of child pornography, which he freely admits he committed in the instant Motion. *See* (ECF No. 60 at 4).

In his Plea Agreement, Defendant waived the right to collaterally attack his conviction except "one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence." (ECF No. 34 at ¶16). Even if the court accepted Defendant's allegation as true, this does not constitute new evidence or otherwise render the waiver contained in the Plea Agreement unenforceable. Accordingly, Defendant's Motion for Discovery is Denied.

For the same reasons, the court will not reconsider the denial of Defendant's prior Motion to Vacate. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The court's prior analysis remains true. The Motion for Reconsideration is Denied.

ORDER - 2

**IT IS HEREBY ORDERED**:

The Motion for Discovery and Motion to Reconsider (ECF No. 60) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel and Mr. Myers.

Dated February 21, 2018.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3